Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle (Yamali) Futterman (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:      (212) 292-5391
*Attorneys for Plaintiff*
*Bang & Olufsen A/S*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BANG & OLUFSEN A/S, | CIVIL ACTION No. **20-cv-10411 (JPO)** |
| *Plaintiff* | |
| v. | |
| AR ELECTRICS STORE, BA ELECTRICS STORE, DONE-WAY 3C STORE, G-LICHIFIT STORE, LICHIFIT ELECTRICS STORE, LICHIFIT-Z6H ELECTRICS STORE, LICHIMSK ELECTRICS STORE, SHENZHEN WELLDY TECHNOLOGY CO., LTD., SHOP5242180 STORE, SHOP5837234 STORE, SHOP5839201 STORE, SHOP5840211 STORE, SHOP910962005 STORE, THE WORLD ONLINE STORE, USA CAPTAIN-HF INTELLIGENT PRODUCT STORE, USA COMPASS 3 STORE STORE, USA COMPASS INTELLIGENT PRODUCT STORE and ZK-LICHIFIT STORE, | **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |
| *Defendants* | |

**GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Bang & Olufsen** | Bang & Olufsen A/S | N/A |
| **Defendants** | AR Electrics Store, BA Electrics Store, Done-way 3C Store, G-LICHIFIT Store, LICHIFIT Electrics Store, LICHIFIT-Z6H Electrics Store, LICHIMSK Electrics Store, Shenzhen Welldy Technology Co., Ltd., Shop5242180 Store, Shop5837234 Store, Shop5839201 Store, Shop5840211 Store, Shop910962005 Store, The World Online Store, USA captain-hf Intelligent Product Store, USA Compass 3 store Store, USA Compass Intelligent Product Store and ZK-LICHIFIT Store | N/A |
| **Defaulting Defendants** | AR Electrics Store, BA Electrics Store, Done-way 3C Store, G-LICHIFIT Store, LICHIFIT Electrics Store, LICHIFIT-Z6H Electrics Store, LICHIMSK Electrics Store, Shenzhen Welldy Technology Co., Ltd., Shop5837234 Store, Shop5839201 Store, Shop5840211 Store, Shop910962005 Store, The World Online Store, USA captain-hf Intelligent Product Store, USA Compass 3 store Store, USA Compass Intelligent Product Store and ZK-LICHIFIT Store | N/A |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on December 9, 2020 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on December 10, 2020 | Dkt. 4 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets | Dkts. 9-12 |

| | | |
|---|---|---|
| | (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on December 10, 2020 | |
| **Serup Dec.** | Declaration of Morten R. Serup in Support of Plaintiff's Application | Dkt. 12 |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiff's Application | Dkt. 11 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on December 21, 2020 | Dkt. 15 |
| **PI Show Cause Hearing** | January 6, 2021 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | January 11, 2021 Preliminary Injunction Order | Dkt. 13 |
| **B&O Products** | High-end luxury Danish consumer electronics, including the BEOPLAY wireless earbuds, BEOPLAY and BEOSOUND portable sneakers and BEOPLAY headphones | N/A |
| **B&O Marks** | U.S. Trademark Registration Nos.: 3,106,984 for "B&O" for a variety of goods in Classes 9, 20, 35, 37, 41 and 42; 1,007,565 for "B&O" for a variety of goods in Classes 7, 9, 11, 12 and 15; 3,063,786 for "BANG & OLUFSEN" for a variety of goods in Classes 9, 20, 35, 37, 41 and 42; 1,006,022 for "BANG & OLUFSEN" for a variety of goods in Class 9; 4,489,925 for "BEOPLAY" for a variety of goods in Classes 9, 20, 35, 36 and 38; and 2,340,801 for "BEOSOUND" for a variety of goods in Class 9 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the B&O Marks, and/or products in packaging and/or containing labels bearing the B&O Marks, and/or bearing or used in connection with marks that are confusingly similar to the B&O Marks and/or products that are identical or confusingly similar to the B&O Products | |

| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
|---|---|---|
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba, AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba, AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or | N/A |

| | otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | |
|---|---|---|
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on August 11, 2021 | TBD |
| **Futtermn Aff.** | Affidavit of Danielle (Yamali) Futterman in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's B&O Marks without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Danielle (Yamali) Futterman in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendant, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.   **Defaulting Defendants' Liability**

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

## II.   **Damages Awards**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages in the amount of $50,000.00

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

("Defaulting Defendants' Individual Damages Award") against each of the seventeen (17) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest, for a total of Eight Hundred Fifty Thousand Dollars ($850,000.00);

### III.    Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendant, its respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the B&O Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the B&O Marks;

   B. directly or indirectly infringing in any manner Plaintiff's B&O Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's B&O Marks to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's B&O Marks, or any other marks that are confusingly similar to the B&O Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to:

      i.    Defaulting Defendants' User Accounts and/or Merchant Storefronts;

    ii.  Defaulting Defendants' Assets; and

    iii.  the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert or participation with any of them; and

F.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks other rights including, without limitation, the B&O Marks, or bear any marks that are confusingly similar to the B&O Marks pursuant to 15 U.S.C. § 1118;

3)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

A.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts; and

3

B.   knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

## IV.   <u>Dissolution of Rule 62(a) Stay</u>

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.   <u>Miscellaneous Relief</u>

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 2520, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 28th day of March, 2022, at 10:45 a.m.

New York, NY

J. PAUL OETKEN
United States District Judge